# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DAMON ROBINSON,**

             **Plaintiff,**

  v.

**OHIO ADULT PAROLE AUTHORITY,**
**et al.,**

             **Defendants.**

**Case No. 2:16-CV-00362-JLG**
**JUDGE JAMES L. GRAHAM**
**Magistrate Judge Jolson**

## REPORT AND RECOMMENDATION

Damon Robinson, a prisoner incarcerated at the Belmont Correctional Institution, brings this civil action against the Ohio Adult Parole Authority and the Ohio Department of Rehabilitations and Corrections. Based on Robinson's assertions, this case is now considered a civil rights action pursuant to 42 U.S.C. § 1983, and the Undersigned **RECOMMENDS DISMISSAL** pursuant to 28 U.S.C. §§ 1915A(b), 1915(e)(2).

## RELEVANT BACKGROUND

This case is a bit muddled. It began in April of 2016 when Robinson initiated this lawsuit. On his Civil Cover Sheet, when selecting the "Nature of [the] Suit," Robinson selected "mandamus and other" under "Prisoner Petitions, Habeas Corpus." (Doc. 1-1). When a subsequent question prompted Robinson to identify "the U.S. Civil Statute under which [he was] filing," he responded "42 USC 1983." (*Id*.). The relief Robinson requested, however, was unmistakable. He sought to be "released from prison and reparoled" and for this Court to "issue an order for his immediate release." (Doc. 1-2, PAGEID #: 15).

Because such relief is cognizable only in habeas, *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (U.S. 1973), Respondent was ordered to show cause as to why the writ should not be granted. (Doc. 2). Respondent filed the Return of Writ on June 15, 2016, asserting that Antiterrorism and Effective Death Penalty Act (AEDPA) applies, and this case should be dismissed on the merits. (Doc. 7). Respondent also notified the Court of Robinson's pending state-court proceedings. (*Id.*, PAGEID: #39–40). Robinson replied. (Doc. 8).

In his Reply, Robinson indicated for the first time that he did not want to bring a federal habeas claim. (Doc. 8, PAGEID #: 292–93). To the contrary, Robinson represented that he "was in the middle of exhausting his state-court remedies as was ordered in his first Habeas Corpus action filed in this Court" when he filed this action. (*Id.* (citing *Robinson v. Warden, Belmont Corr. Inst.*, No. 2:15-cv-2627, 2015 U.S. Dist. LEXIS 99579 (S.D. Ohio July 30, 2015) (dismissing Robinson's prior habeas action for failure to exhaust)). For this reason, the Court now examines the nature of this case.

## NATURE OF THIS CASE

Although this case proceeded initially as sounding in habeas, Robinson has now made clear that he brought this action pursuant to 42 U.S.C. § 1983. Although atypical procedurally, the Court will accept Robinson's assertion that this is a § 1983 action for two reasons. First, this case presents a unique circumstance in that Robinson indicated that the nature of the suit is habeas corpus, but identified 42 U.S.C. § 1983 as the relevant statute. (Doc. 1-1; *see also* Doc. 8, PAGEID#: 289 (expressing his intention to bring a civil rights action)). Bearing in mind that *pro se* pleadings must be construed liberally, the Court is willing to accept Robinson's representation that this is a § 1983 case. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Second, the filing of a habeas petition has potentially grave consequences because of 28 U.S.C.

§ 2244(b)'s prohibition on "second or successive" petitions. *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (requiring prior notice of re-characterization of *pro se* litigation filed under a statute not subject to the successive restrictions of § 2244). Thus, this Court accepts Robinson's assertion that he brought this matter as a civil rights action.

### REVIEW PURSUANT TO 28 U.S.C. §§ 1915A, 1915(e)(2)

The positive news for Robinson, however, ends there. Because he seeks redress from a governmental entity or officer or employee of a governmental entity, this Court must conduct an initial screen of the Complaint. *See* 28 U.S.C. § 1915A(a). The Court must dismiss the Complaint, "or any portion of the Complaint," if it determines that the Complaint or claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In addition, because of Robinson's *in forma pauperis* status, the Court may dismiss this action at any time if it determines that the action is meritless. *See* 28 U.S.C. §§ 1915(e)(2).

In reviewing a complaint to determine its sufficiency, the Court must construe it in favor of the plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891

F.2d 591, 594 (6th Cir. 1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In his Complaint (Doc. 3), Robinson asks this Court to "issue an order for his immediate release." (Doc. 1-2, PageID #: 15; *see also id.* (seeking to be "released from prison and reparoled")). In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held that a § 1983 action will not lie in a case such as this where the state prisoner challenges the "fact or duration of his confinement" and seeks as relief either "immediate release from prison" or the "shortening" of his term of confinement. *Id.* at 500. Instead, a plaintiff's "*sole* federal remedy is a writ of habeas corpus." *Id.* (emphasis added). Because Robinson cannot obtain the relief he seeks, his § 1983 action fails. Under these circumstances, dismissal is appropriate. *See Pettus-Brown v. Hamilton Cty.*, No. 1:17-cv-32, 2017 U.S. Dist. LEXIS 9175, at *11 (S.D. Ohio Jan. 20, 2017) (screening, applying *Preiser*, and recommending dismissal of § 1983 claim seeking release from any custody, detention, or monitoring); *Hall v. Callejas*, No. 1:11-cv-1229, 2011 U.S. Dist. LEXIS 148233, at *7–9 (W.D. Mich. Dec. 27, 2011) (screening and dismissing, in part, because "[t]o the extent Plaintiff requests release from prison, that relief is not available in a § 1983").

## CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that this case be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: February 24, 2017         /s/ Kimbery A. Jolson
                                KIMBERLY A. JOLSON
                                UNITED STATES MAGISTRATE JUDGE